**In re Harold A. WINHEIM, d/b/a Tree Doctors, a/k/a Tree Doctor, Debtor.**

**Bankruptcy No. 87–03067–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 4, 1990.

Leonard Komen, Operating Trustee, St. Louis, Mo.

Joseph G. Harms, II, St. Louis, Mo., for debtor.

Milton Goldfarb, St. Louis, Mo. for Landmark Bank.

Ted F. Frapolli, St. Louis, Mo.

David C. Salivar St. Louis, Mo.

Edward J. Karfeld St. Louis, Mo. for Robert Boehm.

## MEMORANDUM OPINION

JAMES J. BARTA, Bankruptcy Judge.

The matters considered here are the motions of the Operating Trustee to determine the legal nature and identity of the Debtor entity, and thereafter to compel the turnover of certain property alleged to be property of the estate. The issues were submitted to the Court upon oral argument and the written memoranda submitted by the Trustee and by the attorney for Robert A. Boehm, a non-debtor individual from whom the Trustee is requesting a turnover of personal property.

The Trustee has argued that the Debtor is in fact an individual who has been operating a business known as "Tree Doctors". Although the business had previously been operated as a partnership, the Trustee contends that the partners had terminated this relationship prior to the commencement of this Chapter 11 case, and that one of the partners, Harold A. Winheim, had contin-

ued to function as a sole proprietor using the partnership name.

■ The original voluntary petition was filed in this case using a form designated to be used by a corporation or partnership. The Petition bore the signature of Harold A. Winheim as an authorized agent of the partnership. A former partner, Robert A. Boehm, supports the Trustee's argument that the partnership had terminated prior to this reorganization case, but contends that the assets of the former partnership are not assets of this Bankruptcy estate. Harold A. Winheim did not file a written memorandum of law and did not appear at the hearing in this matter.

The partnership between Harold A. Winheim and Robert A. Boehm was formed under the laws of the State of Missouri by an agreement dated April 28, 1982. *See,* EXHIBIT "A" attached hereto, page 1 (as denominated by the Court). In Article I of the agreement, the partners agreed as follows: "The name of the partnership shall be TREE DOCTOR." The business was operated under this agreement until "on or about February 9, 1987, Robert A. Boehm gave written notice to Harold A. Winheim that he desired to dissolve the partnership." Memorandum in Opposition to Trustee's Motion to Compel Turnover of Property to the Trustee, at paragraph 5 (filed by counsel for Robert A. Boehm on August 2, 1989).

The Partnership Agreement provides further that: "Any partner may withdraw from the partnership by giving the other partner sixty (60) days notice in writing of his intention so to do." Article VI, Exhibit "A" (attached hereto).

Therefore, Mr. Boehm's withdrawal from the partnership became effective on or about April 10, 1987, or about sixty (60) days after the written notice was given to Robert Boehm.

The change in the relation of the partners caused by one partner ceasing to be associated in the carrying on of the business operates as a dissolution of the partnership. Section 358.290, RSMo.1986. Generally, dissolution is followed by a winding up of the partnership affairs, dis-

tribution of any remaining assets, and termination of the partnership. However, the Uniform Partnership Act and the Missouri Statutes recognize that upon dissolution, the former partners may agree to post-dissolution procedures which are different from the statutory scheme. Section 33, Uniform Partnership Act; Section 358.330, RSMo.1986. *See also, Haynes v. Allen,* 482 S.W.2d 85 (Mo.App.1972).

Article VI of the parties' agreement in this case provides that retirement, death or insanity of a partner would result in an immediate dissolution of the partnership; and that in the event of such dissolution, the remaining partner was to have the option to continue the business of the partnership under the partnership name, by himself. The Court has concluded that in the circumstances presented here Harold A. Winheim, the remaining partner, elected the Article VI option, and continued to operate the business of the partnership under the partnership name. The post-dissolution entity operated by Harold A. Winheim was not a partnership but rather, by agreement of the former partners, was a sole proprietorship.

Therefore, the Trustee's request to require that all papers in this case reflect the true name of the Debtor is GRANTED; and by separate order, all pleadings are hereafter to refer to the Debtor as "Harold A. Winheim, d/b/a, Tree Doctors."

■ The Trustee has also requested that the Court determine that certain motor vehicles are in fact property of the Bankruptcy estate. The record in this proceeding has established that on March 11, 1986, Harold A. Winheim, Robert A. Boehm and Teresa Boehm executed a promissory note to Landmark Bank Sunset Hills Center in the amount of $31,208.39. Simultaneously, the same parties executed a Security Agreement which granted a lien to Landmark Bank on two pickup trucks titled in the name of Robert A. Boehm. At the time of this loan transaction, Robert A. Boehm and Harold A. Winheim were operating the business known as TREE DOCTOR as equal general partners. The allegation

that the trucks and the proceeds of the loan were used by the partnership for partnership business has not been refuted. Therefore, for purposes of this Bankruptcy proceeding, the Court has concluded that the trucks were partnership property and partnership assets when Robert A. Boehm withdrew in April, 1987. *See also*, Section 358.080, RSMo 1986.

Generally for purposes of settling accounts between partners after dissolution of a partnership, and subject to any agreement to the contrary, the assets of the partnership include the partnership property. Section 358.400, RSMo.1986. As noted above, the partners in this case agreed that the remaining partner could continue the business of the partnership, and "pay to the retiring partner, or to the legal representative of the deceased or insane partner, as the case may be, the value of his interest in the partnership" as provided elsewhere in the partnership agreement. Article VI, Exhibit "A" (attached hereto). Therefore, the Court has further concluded that from the record in this case, the partners agreed that upon dissolution, the remaining partner was permitted to continue the partnership business and use the partnership assets, subject to a payment to the withdrawing partner of the value of the withdrawing partner's interest in the partnership. After the dissolution, Harold A. Winheim continued to operate the business using the partnership assets. He has not yet paid Robert A. Boehm the value of his interest as withdrawing partner. The value of the withdrawing partner's interest, as well as a determination of the amount of any partnership debt is yet to be decided.

■ However, neither the former partners' agreement nor Missouri law authorized Harold A. Winheim to continue to operate the partnership after dissolution. Therefore, the partnership entity did not continue after dissolution except for the specific purposes set out in the agreement or as may be required by law. *Willman v. Beheler*, 499 S.W.2d 770 (Mo.App.1973).

Article VII of the former partners' agreement requires that upon dissolution, the affairs of the partnership are to be liquidated forthwith, applying partnership assets first toward the payment of partnership debts and then toward the payment of the partners' interests. As of the commencement of this voluntary Chapter 11 reorganization case, the liquidation of the partnership affairs had not been completed. The language of the agreement is somewhat inconsistent in that the value of the withdrawing partner's share as of the date of dissolution is to include "ten (10%) percent of the profits of the partnership for the following twelve (12) months." Article VI, subparagraph c, Exhibit "A". This seems to suggest that the parties anticipated that partnership profits would accrue after dissolution, and during some period when the business was operated as something other than a partnership. In the circumstances presented in this case, however, and in an attempt to give effect to the parties' agreement consistent with the applicable law, the Court must conclude that the parties anticipated that an election to continue to operate the business after dissolution operated to cause a transfer of partnership assets to the remaining partner. The remaining partner acquired an obligation to account for and pay to the withdrawing partner, an amount equal to the value of the withdrawing partner's interest according to the formula enumerated in the parties' agreement. This determination is neither inconsistent with law, nor unduly prejudicial to any parties: the former partners are bound by their agreement; and any creditors of the partnership continue to hold the ability to pursue their remedies against the former partners.

The property of the Bankruptcy estate includes all legal or equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541. Therefore, the property of the estate includes all assets which were formerly property of the partnership, and which had become the property of Harold Winheim by agreement of the former partners. By a separate order, the former partnership assets are adjudged assets of the estate, subject to administration by the Trustee.

## Exhibit A

This AGREEMENT made and entered into this 28th day of April, 1982 by and between ROBERT A. BOEHM and HAROLD A. WINHEIM of Jefferson County, Missouri,

WITNESSETH:

WHEREAS, the parties hereto desire to found and operate a tree and shrub maintenance business; and

WHEREAS, the parties desire to set out their mutual rights and responsibilities.

Now, Therefore, intending to be legally bound hereby, the parties hereto agree to form a general partnership under the laws of the State of Missouri, under the following terms and conditions.

## ARTICLE I

### NAME AND PLACE OF BUSINESS

The name of the partnership shall be TREE DOCTOR.

The principal place of business of the partnership shall be at 1233 New Town Road, Arnold, Missouri, and at such other localities within or without the State of Missouri as may be agreed upon by the partners.

## ARTICLE II

### PURPOSES OF BUSINESS

The partnership shall engage in the general business of plant care and maintenance and in such other business of a similar nature or related thereto as shall be agreed upon by the Partners.

## ARTICLE III

### CAPITAL CONTRIBUTIONS, ACCOUNTS, AND WITHDRAWALS

Each partner shall contribute the sum of $7,500 of which $7,500 shall be paid into the partnership on or before June 1, 1982. It is agreed that the partnership interests of the partners shall be the same.

An individual capital account shall be maintained for each partner.

Except by unanimous agreement of the partners, or on dissolution, the capital contribution of the partners shall not be subject to withdrawal.

The fund of the partnership shall be deposited in the firm name of the partnership in a depository to be selected by the partners and all of said funds shall be withdrawable only by checks signed by such person or persons as shall be designated by the partners.

## ARTICLE IV

### PROFITS AND LOSSES

The net profits or net losses of the partnership shall be distributable or chargeable, as the case may be, to each of the partners in equal proportions.

An individual income account shall be maintained for each partner. Profits and losses shall be credited or debited to the individual income accounts as soon as practicable after the close of the calendar year.

If there be no balance in the individual income accounts, net losses shall be debited to the individual capital accounts. If the capital account of a partner shall have been depleted by the debiting of losses under this paragraph, future profits of that partner shall not be credited to his income account until the depletion shall have been made good, his share of the profit thereafter shall be credited to his income account.

Proper books of account shall be kept in the business office of said partnership which shall contain the true and correct account of all transactions relating to said business and either party shall have full and free access thereto at all times, but shall not remove the same from the business office of said partnership.

A general account and inventory shall be taken of the partnership affairs, business and transactions as of December 31 of each year, which said account shall be entered on the partnership books and be conclusive in the absence of fraud or mistake.

## ARTICLE V

### MANAGEMENT AND SALARIES

Each of the partners shall have an equal voice in the management and conduct of the partnership business. The partners agree diligently to employ themselves at all times in the business of the partnership and to carry on the same to the greatest advantage of said business and neither party shall directly or indirectly engage in any business detrimental to the business of the partnership. Each partner shall receive a salary as shall from time to time be agreed upon, but payment of salaries shall be an obligation of the partnership only to the extent that there are partnership assets available therefore, and shall not be an obligation of the partners individually. Salaries shall be treated as expenses of the partnership in arriving at net profits or net losses.

All disputes or differences, if any, which shall arise between the parties which cannot be adjusted between themselves shall be referred to and decided by an arbitration in the following manner; each party shall select a disinterested person as a referee and the two referees shall select an umpire and the three thus selected shall proceed to hear the matter and determine the same as speedily as possible, and the decision of any two in all respects shall be final and conclusive on the parties. In the event any partner shall fail to select a referee within ten (10) days after written notice by the other partner of his selection of a referee and of his request for arbitration, then the referee so appointed by the one partner shall proceed to hear and determine the matter in controversy and his award in the case shall be final and conclusive on the parties.

## ARTICLE VI

### DISSOLUTION BECAUSE OF THE RETIREMENT, DEATH, OR INSANITY OF A PARTNER

Any partner may withdraw from the partnership by giving the other partner sixty (60) days notice in writing of his intention so to do.

Retirement, death or insanity of a partner shall work an immediate dissolution of the partnership.

In the event of the dissolution of the partnership by the retirement, death, or insanity of a partner, a proper accounting shall be made of the capital and income accounts of each partner and of the net profit or net loss of the partnership from the date of the last previous accounting to the date of dissolution.

In the event of the retirement, death, or insanity of a partner, the remaining partner shall have the option to continue the business of the partnership under its present name by himself, or in conjunction with any other person or persons he or they may select, but he shall pay to the retiring partner, or to the legal representative of the deceased or insane partner, as the case may be, the value of his interest in the partnership as provided in the next numbered paragraph of this Article.

The value of the interest of a retiring, deceased, or insane partner, as of the date of dissolution, shall be the sum of:

a) His capital account;

b) His income account;

c) Any earned and unpaid salary due him, plus ten (10%) percent of the profits of the partnership for the following twelve (12) months, which sum shall be considered as additional compensation and shall become due and payable in twelve (12) monthly installments; and

d) His proportionate share of accrued net profits.

If a net loss has been incurred to the date of dissolution, his share of such loss shall be deducted.

Inventory for purposes of this Article shall be valued at cost or market value, whichever is lower. Other assets shall be valued at book value.

No value for good will or firm name shall be included in any computations of a partner's interest under this Article.

It is further agreed that in the event any partner shall retire from said partnership and sell his interest therein and the remain-

ing partner elects to continue the business, the withdrawing partner shall not for a period of one (1) year thereafter carry on or engage in or be interested directly or indirectly in any other business located within a radius of one (1) mile from the principal place of business of the partnership which shall or will compete with or interfere with the business of said partnership.

## ARTICLE VII

## DISSOLUTION

Unless dissolved by the retirement, death, or insanity of a partner, the partnership shall continue until dissolved by agreement of the partners. Upon any such voluntary dissolution by agreement, the affairs of the partnership shall be liquidated forthwith. The assets of the partnership shall first be used to pay or provide for all debts of the partnership. Thereafter, moneys in the income accounts of the partners, an all amounts due for earned or unpaid salaries of the partners, shall be paid to the partners respectively entitled thereto. Then the remaining assets shall be divided according to the proportionate interests of the partners on the basis of their respective capital accounts as they stood upon the date of such dissolution, after crediting or debiting thereto the net profit or net loss accrued or incurred, as the case may be, from the date of the last accounting to the date of dissolution.

## ARTICLE VIII

## LIMITATION ON POWERS OF PARTNERS

Neither partner shall, without the consent of the other, enter into any bonds or become bail or security for any person or do anything whereby the capital or property of the partnership may be impaired, attached, or taken on execution.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in duplicate the day and year aforesaid.

/s/ Robert A. Boehm
Partner
/s/ Harold A. Winheim
Partner